UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 92-00294-001 |
| KIM HOGAN | * | SECTION "LLM" |

### STATEMENT OF REASONS FOR IMPOSING SENTENCE

A presentence investigation report (PSI) has been prepared pursuant to Rule 32, Fed. R. Crim. P., and the court has read and considered it and allowed comment thereon by the defendant, his counsel and the government.

I. FINDINGS OF FACT:

    _____ There being no objection as to the probation officer's recommended findings of fact, the court adopts the recommended findings.

    __X__ The court adopts the probation officer's recommended findings of fact as to which there is no objection and, as to controverted findings of fact, resolves the dispute as provided in the:

        _____ (a) probation officer's recommendation concerning revision;

        _____ (b) attached supplement;

        _____ (c) attached transcript;

        __X__ (d) other.

After hearing the testimony of the defendant and defense witnesses at the sentencing hearing, the Court was not convinced beyond a reasonable doubt that Hogan acted as the leader in the drug distribution organization, and therefore gave him a 2-level reduction. The Court also determined that Hogan was entitled to an additional 2-level reduction because there was insufficient proof that he was involved in the drug transactions of June 26, 1991, October 9, 1991, and December 18, 1991, for which he was not indicted.

Date of Entry   JUN 2 1993

II. APPLICATION OF GUIDELINES TO FACTS:

_____ The court determines that the applicable guideline ranges are as indicated in the PSI Sentencing Worksheets.

__x__ A question of guideline application has arisen with respect to the recommendations contained in paragraphs _24, 27, & 28_ of the PSI. The court resolves the question as provided hereafter, or in the attached supplement, and adopts the remainder of the probation officer's recommendations as undisputed.

Accordingly, the court determines that the applicable guideline ranges are as follows:

_151-188 months_ imprisonment

_at least 5 years_ supervised release

$ _25,000_ to $ _14,000,000_ fine

$ _1,492.00/mo._ cost of imprisonment

$ _172.33/mo._ cost of supervision

$ _N/A_ restitution

III. STATEMENT OF REASONS FOR IMPOSING SENTENCE:

_____ The guideline range does NOT exceed 24 months. The court finds no reason to depart from the sentence called for by application of the guidelines inasmuch as the facts found are of the kind contemplated by the Sentencing Commission.

__x__ The guideline range exceeds 24 months. The court finds no reason to depart from the guidelines. The reasons for imposing the selected sentence within that range are as follows:
Defendant has no previous criminal record. It is the Court's belief that he is still capable of being rehabilitated, and the Court has given him the lowest possible sentence under the guidelines, in the hope that he will be able to turn his life around and lead a law abiding life when he is released.

_____ The court finds that the following mitigating circumstance exist that is of a kind or degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines and that this circumstance should result in a sentence

2

different from that described by the guidelines:

    __X__ Full restitution is not imposed for the following reason(s):

        __X__ The defendant has insufficient assets.

        _____ Other:

    __X__ The court does not impose a fine within guidelines for the following reason(s):

        __X__ The defendant has insufficient assets.

        _____ Other:

IV. PLEA BARGAINS:

    _____ The court has accepted a plea agreement because it is satisfied that the agreement adequately reflects the seriousness of the actual offense behavior and that accepting the plea agreement will not undermine the statutory purpose of sentencing.

Dated: June 1, 1993

*[signature: Lansing L. Mitchell]*

UNITED STATES SENIOR DISTRICT JUDGE

3